UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBRIE F., by and through her Guardian Ad Litem, SHELBE FOATE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendants. | Case No.: 18-CV-02850-CAB-MDD<br><br>**ORDER ON MOTION TO DISMISS**<br><br>[Doc. No. 10] |

This matter comes before the Court on Defendant the United States of America's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. [Doc. No. 10]. The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, Defendant's motion is granted and the complaint is dismissed with prejudice.

### I. Allegations in the Complaint

Plaintiff Aubrie F. is a minor child born in 2015. In 2016, when the events alleged in the complaint occurred, Aubrie's parents served in the United States Marine Corps and lived in Camp Pendleton. [Doc. No. 1.] In early 2016, Aubrie's parents hired Amanda

Lopez to babysit Aubrie. They had found Lopez through the United States Department of Defense Child Development Program ("CDP"). *Id.*

On June 21, 2016, Aubrie's mother, Shelbe Foate, left Aubrie with Lopez at 6:25 a.m. When Shelbe dropped Aubrie off, Aubrie appeared healthy and uninjured. In the afternoon, Lopez called Shelbe and told her that Aubrie had thrown up and was crying and needed to be picked up. During her drive home after picking Aubrie up from Lopez, Shelbe noticed that Aubrie was grunting and her eyes were rolling back into her head, so she called 911. Aubrie was then transported by ambulance and helicopter to a hospital where she was diagnosed with severe injuries that the hospital medical staff diagnosed as consistent with physical abuse. Since June 21, 2016, Aubrie allegedly continues to suffer developmental delays and is closely monitored by medical professionals.

On December 19, 2018, Shelbe, on behalf of Aubrie, filed a complaint against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b). [Doc. No. 1.] The complaint asserts one claim for negligence arising out of Lopez's alleged negligent care of Aubrie on June 21, 2016. On June 24, 2019, the United States moved to dismiss the complaint for lack of subject matter jurisdiction based on sovereign immunity and for failure to state a claim.

**II. Discussion**

The United States holds the privilege of sovereign immunity unless it waives this immunity explicitly by statute. *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012). If a plaintiff's claim fails to allege facts supporting that a statutory waiver of immunity exists in their case, then the federal court lacks subject matter jurisdiction to hear the claim. *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993) (holding that federal court did not have subject matter jurisdiction over FTCA claim when exception to FTCA granted United States sovereign immunity).

The FTCA constitutes a limited waiver of sovereign immunity for tort claims arising out of the conduct of a government employee. *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995). Additionally, the FTCA grants district courts "exclusive jurisdiction of

civil actions on claims against the United States…for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1).

The United States moves to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim. Both grounds for dismissal are premised on the government's argument that Lopez was a private contractor and not a government employee, meaning that the exception to the sovereign immunity contained in the FTCA does not apply

A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F. 3d 1035, 1039 (9th Cir. 2004). In a factual attack, however, the challenger may rely on evidence extrinsic to the complaint. *See id.* The Ninth Circuit has explained:

> In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. The court need not presume the truthfulness of the plaintiff's allegations. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.

*Id.* (internal quotation marks omitted).

Here, the United States makes a factual attack on jurisdiction by presenting evidence demonstrating that Lopez was neither an employee nor an independent contractor of the government. The United States presents evidence that Lopez was a private contractor, meaning that Lopez contracted directly with the Foates for the babysitting services she provided for Aubrie. [Doc. No. 10-6 at 1-2.] The United States Department of Defense

3

provides Child Development Programs (CDPs) to support child care and development for military families. [Doc. No. 10-1 at 6.] Within the CDPs, there are several programs available, each with a different staffing and supervisory structure. [Doc. 10-3 at 15.] Lopez was a Family Child Care (FCC) provider, meaning she was certified by the government to work a minimum of 10 hours per week offering childcare services to military families. *Id.* at 58. Pursuant to the Department of Defense Instruction (DODI 6060.02) on CDPs, an FCC is a private contractor who provides babysitting services directly to the military family. *Id.*

Plaintiff has the burden of demonstrating the existence of jurisdiction. *Safe Air for Everyone*, 373 F. 3d at 1039. Plaintiff does not satisfy this burden. In her opposition to the government's motion, Plaintiff provides no evidence supporting the existence of a waiver to the government's sovereign immunity, or otherwise contradicting the government's evidence that Lopez was a private contractor and not a government employee or even an independent contractor of the government. In light of uncontradicted evidence in the record that Lopez was not a federal employee, the limited waiver of sovereign immunity in the FTCA does not apply. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's negligence claim against the United States.

### III. Conclusion

For the foregoing reasons, the Court lacks subject matter jurisdiction over the complaint. Accordingly, it is hereby **ORDERED** that the Motion to Dismiss [Doc. No. 10] is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated: July 26, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge